JUDGE SCHEINDLIN

Julian D. Riley, Jr. (JR 2163)
LAW OFFICES OF JULIAN D. RILEY, JR., P.C.
43 Clarkson Street, Ground Floor
New York, New York 10014
212-625-2525
Email: julian@lawjdr.com
*Attorneys for Plaintiff*

AUG 0 6 2007
U.S.D.C. S.D. N.Y.
CASHIERS

07 CV 7018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VLADIMIR KUSH,

                Plaintiff,

-against-

ALECIA MOORE p/k/a "PINK,"
ZOMBA LABEL GROUP,
LAFACE RECORDS, RADICAL MEDIA, and
JOHN DOES 1 THROUGH 5, inclusive,
                Defendants.
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

**COPYRIGHT INFRINGEMENT**
**DEMAND FOR JURY TRIAL**

Index #

      Plaintiff, by and through his undersigned attorney, complaining of the defendants, herein respectfully alleges as follows:

## NATURE OR ACTION

      1.    This is an action for copyright infringement due to defendants' wrongful use and exploitation of plaintiff's two-dimensional artwork. It is alleged that defendants have blatantly disregarded plaintiff's creative property, wrongfully exploiting the subject artwork without legal authority or license as part of a global marketing campaign to sell music recordings and extend the value of their own commercial brands.

      2.    That plaintiff's artwork was widely available as displayed on plaintiff's commercial website, in art galleries, and in fine art picture books, throughout the world.

3.  That at some point, defendants elected to flaunt disregard for the copyright laws and exploit copies of the subject artwork without obtaining or event seeking a license from the plaintiff.

4.  Defendants knowingly and willfully performed the herein alleged infringements.

5.  That plaintiff now seeks each and any equitable judgment this Court deems appropriate, as well as consequential, compensatory and punitive damages to be determined at trial, pursuant to the federal Copyright Act of 1976, as amended and revised, and under the appropriate supplemental related state law cause of action(s) under 28 U.S.C. § 1367(a).

### JURISDICTION AND VENUE

6.  This is a civil action seeking damages, injunctive relief and other remedies for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101, et seq.)

7.  This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 et seq. (the Copyright Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a)(Copyright).

8.  Defendants are subject to the personal jurisdiction of this Court and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) & (c), and 28 U.S.C. § 1400(a), in that the acts of infringement complained of herein occurred in this District, and the defendants reside in, may be found and/or conduct business within the Southern District of New York.

### PARTIES

9.  That at all times hereinafter mentioned, the plaintiff, Vladimir Kush d/b/a Kush Fine Art, had and still has a principal place of business within the County of New York, City and State of New York.

10. That plaintiff is a well respected fine artist, creating and commercially distributing his original works of art throughout the world. Plaintiff spends significant amounts of time, money,

and effort creating, collecting, and distributing his copyrighted artwork.

11.     Upon information and belief that at all times hereinafter mentioned, defendant Alecia Moore, professionally known as the popular singing artist "Pink," was and still is a resident of the City of Las Vegas, State of Nevada, and has significant business contacts with the State of New York.

12.     Upon information and belief that at all times hereinafter mentioned, defendant, Zomba Label Group, and/or other controlling entities (collectively herein "Zomba"), was and is still a business of unknown legal form duly organized and existing under and by virtue of the laws of the State of New York.

13.     Upon information and belief that at all times hereinafter mentioned, defendant, LaFace Records ("LaFace"), was and is still a business of unknown legal form duly organized and existing under and by virtue of the laws of the State of New York.

14.     Upon information and belief that at all times hereinafter mentioned, defendant, Radical Media ("Radical"), was and is still a business of unknown legal form duly organized and existing under and by virtue of the laws of the State of New York.

15.     That the true names and capacities, whether individual, corporate, or otherwise, of the defendants sued as Does 1 through 5 are unknown to plaintiff, who, therefore, sue them by such fictitious names. At such time as their true names and capacities have been ascertained, plaintiff will seek leave of Court to amend this Complaint accordingly.  On information and belief, plaintiffs allege that each of Does 1 through 5 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his/her agency or representative capacity, with the knowledge and consent of the other defendants, and that each of Does 1 through 5 are liable to plaintiffs in connection with one or more of the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

## DEFENDANTS' INFRINGEMENT

16. That defendants caused the production and wide global commercial distribution of a music video that includes the unauthorized use of a two-dimensional art piece ("painting"), that is transformed and displayed in full screen featured use.

17. For their own profit and advantage, defendants, as herein detailed, misappropriated, illegally copied and transforms the copyrighted material of plaintiff, in which plaintiff has dedicated significant time, money and creative expression.

18. That immediately prior to commencing this action, plaintiff demanded that defendants stop copying and publicly displaying plaintiff's copyright content without consent. Defendants have refused to cease their infringing activity(ies).

19. That defendants' conduct herein has been in willful violation of plaintiff's objections.

## COUNT ONE

### Copyright Infringement

20. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs "1" through "19," inclusive, with the same force and effect as if herein set forth at length.

21. That plaintiff originally created and affixed the two-dimensional artwork entitled *Contes Erotiques* (hereinafter the "Artwork") in 1998. Attached as **Exhibit A** is a photocopy of the Artwork. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the Artwork. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in Artwork.

22. That effective December 23, 1999, plaintiff was granted a Certificate of Registration, Form VA, from the United States Copyright Office for the Artwork. Attached as **Exhibit B** is a photocopy of the Certificate of Registration.

23. That at all relevant times, a quality color replica of the Artwork was included in the commercial publication entitled *Metaphorical Journey*, by Vladimir Kush, 2002. *Metaphorical*

-4-

*Journey* had been -and is currently- for sale in no less than seventy-five (75) retail channels (including art galleries) throughout the United States. Further, plaintiff's website, www.kushfineart.com, at all relevant times included directions to purchase *Metaphorical Journey* via the internet.

24. That a commercially and widely released music video for the popular song **"U + Ur Hand,"** by the artist professionally known as Pink, (hereinafter the "Pink Video") includes prominent and significant use of unauthorized copies of the Artwork, as well as derivative uses of the Artwork.

25. That defendant, Alecia Moore p/k/a Pink, performed in, financed, caused the financing and production of, approved, and/or profited from the Pink Video.

26. That each defendant financed, caused the financing and production of, approved, and/or directly profited from the Pink Video.

27. Upon information and belief, including the informational website www.Wikipedia.org, the infringing music video for the song "U + Ur Hand" premiered on Canada's MuchMusic network on July 18, 2006.

28. Upon information and belief, including the informational website www.Wikipedia.org, the infringing music video for the song "U + Ur Hand" premiered in the United States on MTV's *TRL* on September 29, 2006.

29. That plaintiff's Artwork, as infringe upon by defendants and exploited in the Pink Video, was and is a significant component of defendants' global promotion of Pink's commercial studio record album "I'm Not Dead" (2006).

30. That due to defendants' extensive global commercial presence, it is impossible for plaintiff to know the full extent of the existing and on-going copyright violations without considerable discovery.

31. That defendants' conduct and actions herein were willful and violate the exclusive

–5–

rights belonging to plaintiff as protected under federal Copyright Act of 1976, as amended and revised.

32. On information and belief, plaintiff alleges that, as a direct and proximate result of their wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to plaintiff; not the lest of which are the direct gross revenues derived from the studio album "I'm Not Dead" (2006) and any internet transactions for songs from the same. Accordingly, plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

33. That such unauthorized use of the Artwork provided and continues to provide an unjust enrichment to the defendants.

34. That plaintiff did not willingly elect to associate his Artwork with Pink and defendants' infringing conduct has caused and is causing substantial and irreparable injury and damage to plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the plaintiff with no adequate remedy at law.

35. On information and belief, defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

## COUNT TWO

### Declaratory Judgment

36. Plaintiff repeats and reiterates and realleges each and every allegation contained in paragraphs "1" through "35," inclusive, with the same force and effect as if herein set forth at length..

37. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted Artwork, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§

2201 and 2202, plaintiff also seeks a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

a. Enter a judgment declaring that defendants' acts and practices as set forth herein are in violation of plaintiff's rights under common law and the Federal Copyright Act;
b. Award the plaintiff lost fees and actual damages which resulted from the wrongful actions of defendants in an amount to be determined at trial;
c. Ordering defendants to account to plaintiff for all gains, profits, and advantages derived by defendants by their infringement of plaintiff's copyrights or such damages as are proper, and since defendants intentionally infringed plaintiff's copyrights, for the maximum allowable statutory damages for each violation;
d. Immediately and permanently enjoining defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying, republishing, and generating derivative works, of any of plaintiff's original artwork without consent or otherwise infringing plaintiff's copyrights or other rights in any manner;
d. Award plaintiff the costs of this action, including the fees and cost of experts, together with reasonable attorneys' fees; and
e. Grant plaintiff such other and further relief as this Court finds necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact and damages in this action.

Dated:   July 22, 2007
         New York, New York

By: Julian D. Riley, Jr., Esq. (JR 2163)
**Attorney for the Plaintiff, Vladimir Kush**
Law Offices of Julian D. Riley, Jr., P.C.
43 Clarkson Street, Ground Floor
New York, New York 10014
(212)625-2525 *fax* (212)924-3213

## PLEADING VERIFICATION

STATE OF ~~NEW YORK~~ HAWAII )
                              SS.:
COUNTY OF ~~NEW YORK~~ MAUI )

VLADIMIR KUSH, being duly sworn, deposes and says:

That I have read the attached **VERIFIED COMPLAINT** and the same is true to my own belief and knowledge.

That deponent's sources of information are first hand knowledge and review.

_/s/ Vladimir Kush_

Sworn to before me this
23RD day of July 2007

_/s/ Notary Public_

**HELEN Y. GIRON**
My commission expires September 9, 2009

# EXHIBIT A

# EXHIBIT B

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

**FORM VA** 
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 999-868**


EFFECTIVE DATE OF REGISTRATION

**DEC 23 1999**
Month  Day  Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**
Conte's Erotique

**NATURE OF THIS WORK ▼** See instructions
Original artwork and reproduction

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**NAME OF AUTHOR ▼**
Vladimir Kush

**DATES OF BIRTH AND DEATH**
Year Born ▼  1965   Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
    { Domiciled in ▶ USA

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture  ☐ Map  ☐ Technical drawing
☒ 2-Dimensional artwork  ☐ Photograph  ☐ Text
☒ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture  ☐ Map  ☐ Technical drawing
☒ 2-Dimensional artwork  ☐ Photograph  ☐ Text
☒ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**  1998  ◀ Year in all cases.

**Date and Nation of First Publication of This Particular Work**
Month ▶ March  Day ▶ 20  Year ▶ 1999
USA ◀ Nation

---

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Vladimir Kush
3343 Keha Dr., Kihei, HI 96753

APPLICATION RECEIVED
DEC 23 1999  NOV 14 2000
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
DEC 23 1999
FUNDS RECEIVED

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.
• Sign the form at line 8.

DO NOT WRITE HERE

EXAMINED BY **JK**

CHECKED BY

☑ CORRESPONDENCE Yes

FORM VA

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼    **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Vladimir Kush
3343 Keha Dr., Kihei, HI 96753

Area code and daytime telephone number ▶ (808) 874-1959    Fax number ▶ (808) 874-1959
Email ▶ kush@compaq.net

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Vladimir Kush    Date ▶ 11/20/99

Handwritten signature (X) ▼
X _Kush_

Certificate will be mailed in window envelope to this address

Name ▼
Vladimir Kush
Kush Fine Art
P O Box 374
Lahaina, HI 96767

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999, the filing fee for Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.