Marc S. Reiner (MR-6669)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, New York  10177
(212) 415-9200

*Attorneys for Defendants*
*Zomba Label Group and*
*LaFace Records LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VLADIMIR KUSH,                                        :
                                                      :    07 CV 7018 (SAS)
                                    Plaintiff,        :
                                                      :
            -against-                                 :    **ANSWER**
                                                      :
ALECIA MOORE p/k/a "PINK," ZOMBA                      :
LABEL GROUP, LAFACE RECORDS,                          :
RADICAL MEDIA , and JOHN DOES 1                       :
THROUGH 5, inclusive,                                 :
                                                      :
                                    Defendants.       :
                                                      :
-------------------------------------------------------------X

Defendants Zomba Label Group (which, itself, is not an existing legal entity) and LaFace

Records LLC (improperly sued as "LaFace Records") (collectively, "LaFace"), by their attorneys

Dorsey & Whitney LLP, as and for their Answer to the Verified Complaint ("Complaint") of

plaintiff Vladimir Kush ("Plaintiff"), state as follows:

1.      LaFace denies the allegations contained in paragraph 1 of the Complaint.

2.      LaFace lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 2 of the Complaint.

3.      LaFace denies the allegations contained in paragraph 3 of the Complaint.

4.      LaFace denies the allegations contained in paragraph 4 of the Complaint.

5.      LaFace denies that Plaintiff is entitled to the relief sought in paragraph 5 of the Complaint.

6.      LaFace denies that Plaintiff is entitled to the relief sought in paragraph 6 of the Complaint.

7.      LaFace admits that this Court has subject matter jurisdiction over this action as asserted in paragraph 7 of the Complaint.

8.      LaFace admits that this Court has personal jurisdiction over LaFace and that venue is proper as asserted in paragraph 8 of the Complaint.

9.      LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.     LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.     LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.     LaFace denies the allegations contained in paragraph 12 of the Complaint.

13.     LaFace denies the allegations contained in paragraph 13 of the Complaint.

14.     LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.     LaFace denies the allegations contained in paragraph 16 of the Complaint.

17.     LaFace denies the allegations contained in paragraph 17 of the Complaint.

18.     LaFace denies the allegations contained in paragraph 18 of the Complaint.

19.    LaFace denies the allegations contained in paragraph 19 of the Complaint.

20.    LaFace repeats and realleges repeats and realleges paragraphs 1 through 19 above as if set forth fully and at length herein.

21.    LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.    LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.    LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.    LaFace denies the allegations contained in paragraph 24 of the Complaint.

25.    LaFace admits that Alecia Moore performed in the referenced music video, and denies the remaining allegations contained in paragraph 25 of the Complaint.

26.    LaFace admits that it financed, caused the financing and production of and approved of the video at issue, and denies the remaining allegations contained in paragraph 26 of the Complaint.

27.    LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28.    LaFace lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29.    LaFace denies the allegations contained in paragraph 29 of the Complaint.

30.    LaFace denies the allegations contained in paragraph 30 of the Complaint.

31.    LaFace denies the allegations contained in paragraph 31 of the Complaint.

32.    LaFace denies the allegations contained in paragraph 32 of the Complaint.

33.     LaFace denies the allegations contained in paragraph 33 of the Complaint.

34.     LaFace denies the allegations contained in paragraph 34 of the Complaint.

35.     LaFace denies the allegations contained in paragraph 35 of the Complaint.

36.     LaFace repeats and realleges paragraphs 1 through 35 above as if set forth fully

and at length herein.

37.     LaFace denies the allegations contained in paragraph 37 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

38.     The Complaint fails to state a cause of action upon which relief can be granted

against LaFace.

## SECOND AFFIRMATIVE DEFENSE

39.     Although LaFace denies that the music video at issue made any use of the two-

dimensional artwork entitled *Contes Erotiques*, any such use of the artwork in the video

constitutes protected fair use under the U.S. Copyright Act.

## THIRD AFFIRMATIVE DEFENSE

40.     Although LaFace denies that the music video at issue made any use of the two-

dimensional artwork entitled *Contes Erotiques*, any such use of the artwork in the video is de

mnimis and therefore not infringement.

5

**WHEREFORE**, LaFace respectfully requests that judgment be entered dismissing the

Complaint and awarding LaFace its costs and disbursements, together with the costs and

expenses incurred in the defense of this action, including reasonable attorneys' fees, and that the

Court grant such other and further relief as it deems just and proper.

Dated: October 5, 2007                    DORSEY & WHITNEY LLP


                                          By:    /s/ MARC S. REINER
                                              Marc S. Reiner (MR-6669)
                                          250 Park Avenue
                                          New York, New York 10177
                                          (212) 415-9200

                                          Attorneys for Defendants
                                          Zomba Label Group and
                                          LaFace Records LLC